UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COLVAN CATTLE COMPANY, L.L.C.** | * | **CIVIL ACTION** |
| **AND KIRKLAND LEBOEUF** | * | |
| | * | |
| **VERSUS** | * | **NO. 08-907** |
| | * | |
| **THE LAFOURCHE PARISH GOVERNMENT** | * | **SECTION "L"(1)** |

## ORDER & REASONS

Before the Court is Plaintiff Colvan Cattle Company L.L.C.'s Motion for Partial Summary Judgment (Rec. Doc. No. 8). For the following reasons, the motion is DENIED WITHOUT PREJUDICE to refile if appropriate after sufficient discovery has taken place.

**I.     BACKGROUND**

Plaintiffs own real property in Lafourche Parish, Louisiana. Plaintiff Colvan Cattle Company, L.L.C. ("Colvan") purchased property in Lafourche Parish called Prairie Lake Subdivision. Plaintiff Leboeuf purchased property in Lafourche Parish called Prairie View Subdivision. The Plaintiffs purchased their property at the time the property was designated as Flood Zone B. According to the Plaintiffs, this meant that homes could be built at grade level, without elevation. The Plaintiffs developed residential subdivisions on their property.

The Lafourche Parish Government enacted Lafourche Parish, Louisiana Ordinance 4013 ("Ordinance 4013") on March 27, 2007. Ordinance 4013 requires all construction and renovation in Lafourche Parish to comply with the elevations set forth in the Advisory Base Flood Elevations ("ABFEs") developed by the Federal Emergency Management Agency ("FEMA").

The Plaintiffs filed suit against the Lafourche Parish Government, alleging that the ordinance unlawfully destroyed Plaintiffs' property rights in violation of due process and equal protection under the United States and Louisiana Constitutions. The Plaintiffs allege that by passing the ordinance, the Lafourche Parish Government exceeded its power under La. Rev. Stat. 33:1236(38). The Plaintiffs seek declaratory judgment that Ordinance 4013 was passed illegally and is void ab initio and without any legal effect. The Plaintiffs further seek attorney's fees pursuant to 42 U.S.C. § 1988. The Defendant has answered and denied liability.

## II.        THE MOTION

On August 19, 2008, the Plaintiffs filed a Motion for Partial Summary Judgment asking the Court to hold that the Lafourche Parish Government acted illegally in adopting Ordinance 4013.  The Plaintiffs argue that the power of Lafourche Parish to pass zoning ordinances that provide standards for occupancy in flood-prone areas is limited by La. Rev. Stat. 33:1236(38)b. Such power is granted "only insofar as is necessary for a parish to use such powers and authority to qualify for the National Flood Insurance Act of 1968." La. Rev. Stat. 33:1236(38)(b). The Plaintiffs allege that Ordinance 4013 was passed to qualify for the National Flood Insurance Act. The Plaintiffs further state that Ordinance 4013 adopted ABFEs that were not necessary to qualify for the National Flood Insurance Act. Thus, the Plaintiff argues that the Lafourche Parish Government exceeded its authority in passing Ordinance 4013.

In opposition, the Defendant urges the Court to consider La. Rev. Stat. 33:1236(38) in its entirety. Section (c) of the pertinent paragraph states, "The provisions of Subparagraphs (a) and (b) of this paragraph shall not be so construed as to... supersede or impair the existing authority of any such municipality or city-parish authority to adopt such codes, regulations, ordinances or permits." The Defendant argues that the Lafourche Parish Government retains its

existing authority pursuant to its Home Rule Charter, which states, "The Parish shall have the right, power, and authority to adopt any ordinance necessary, requisite, or proper to promote, protect, and preserve the general welfare, safety, health, peace, and good order of the Parish..." Thus, the Defendant argues, it was within the Lafourch Parish Government's existing authority to pass Ordinance 4013

The Defendant further argues that the purpose of Ordinance 4013 was not solely to qualify for the National Flood Insurance Act. Therefore, the Defendant's authority is not limited by 33:1236(38)(a) and (b). In the alternative, Defendant argues that the passage of Ordinance 4013 was necessary to qualify for the National Flood Insurance Act. Finally, the Defendant argues that summary judgment is premature because formal discovery has not yet taken place.

### III.     LAW AND ANALYSIS

In the present motion, the Plaintiffs argue that no genuine issues of material fact exist and the Court should issue partial summary judgment finding that the Lafourche Parish Government acted illegally in adopting Ordinance 4013.. Summary judgment is appropriate in a case if "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Products Liability Litigation*, 2007 WL 1952964, *4 (E.D. La. July 3, 2007). In determining whether a genuine issue of material fact exists, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). But because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. V. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

Ordinance 4013 states, "Lafourche Parish does hereby adopt the Hurricane Rita Surge inundation and base flood elevation maps as issued by FEMA as the Parish's Official Flood Elevation Reference as they pertain to the unincorporated areas of Lafourche Parish." The Defendant argues that there has been insufficient discovery to determine whether the Plaintiffs' property is located in an unincorporated area. There may be a factual issue as to whether Plaintiffs' property is covered by the Ordinance.

In reference to the power granted in La. Rev. Stat. 33:1236(38)(a), Subparagraph (b) states, "The provisions of Subparagraph (a) of this paragraph shall apply only insofar as is necessary for a parish to use such powers and authority to qualify for the National Flood Insurance Act of 1968, as amended, 42 U.S.C. 4001 to 4127 as enforced under Parts 1901 to 1915.3 of Subchapter B of Title 24 of the Code of Federal Regulations." The Plaintiff claims that the adoption of the advisory maps was unnecessary. The Defendant contends that, based on information provided by a representative of the Louisiana Recovery Authority, the adoption of the ABFEs was necessary to receive disaster relief funds. Factual issues may exist as to whether the ordinance was passed in order to qualify for the National Flood Insurance Act, and whether the ordinance was necessary for Lafourche Parish to qualify under the National Flood Insurance Act.

The Court concurs with the Defendant that, without further factual development, it cannot properly rule on this motion.  To date, no formal discovery has taken place.  The Court has not yet held its preliminary conference nor has the Court scheduled this matter for trial. There may well be questions of fact involved in these issues. Some discovery is necessary to develop these issues. The Court will reserve the Plaintiff's right to re-file its motions at an appropriate time in the future.  The Court makes no ruling on the arguments, but merely feels

that the motions are premature.

**III. CONCLUSION**

Accordingly, IT IS ORDERED that Plaintiff Colvan Cattle Company L.L.C.'s Motion for Partial Summary Judgment (Rec. Doc. No. 8) is hereby DENIED.

New Orleans, Louisiana this 1st day of October, 2008.

_____
UNITED STATES DISTRICT JUDGE