# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COLVAN CATTLE COMPANY, L.L.C.** | * | **CIVIL ACTION** |
| **AND KIRKLAND LEBOEUF** | * | |
| | * | |
| **VERSUS** | * | **NO. 08-907** |
| | * | |
| **THE LAFOURCHE PARISH GOVERNMENT** | * | **SECTION "L"(1)** |

## ORDER & REASONS

Before the Court is Defendant Lafourche Parish Government's Motion for Summary Judgment on the Legality of Ordinance 4013 (Rec. Doc. No. 29) and Motion for Summary Judgment on the Immunity Defense (Rec. Doc. No. 30).

**I.    BACKGROUND**

. Plaintiffs Colvan Cattle Company, L.L.C. ("Colvan") and Leboeuf purchased properties in Lafourche Parish called Prairie Lake Subdivision and Prairie View Subdivision, respectively. Plaintiffs purchased their properties prior to March 27, 2007, at a time when the properties were designated as Flood Zone B. Plaintiffs believed this to mean that homes on the properties could be built at grade level, without elevation. Plaintiffs developed residential subdivisions on their properties.

On March 27, 2007, the Lafourche Parish Government enacted Lafourche Parish, Louisiana Ordinance 4013 ("Ordinance 4013"), after having been voted down twice previously. Ordinance 4013 requires all construction and renovation in Lafourche Parish to comply with the elevations set forth in the Advisory Base Flood Elevations ("ABFEs") developed by the Federal Emergency Management Agency ("FEMA"). It is disputed whether such ABFEs had to be

adopted to receive FEMA funds. Defendant argues that the Louisiana Recovery Authority, an authority created to identify and coordinate potential funding resources in the wake of Hurricanes Katrina and Rita, advised Lafourche Parish Government officials that no parish would receive FEMA money to rebuild unless the ABFEs were adopted.

Plaintiffs filed suit against the Lafourche Parish Government, alleging that Ordinance 4013 effectively ended all sales of lots in Plaintiffs' residential subdivisions by requiring property to be built eight (8) feet in the air. Plaintiffs allege that by passing the ordinance, the Lafourche Parish Government exceeded its power under LA. REV. STAT. ANN. § 33:1236(38) (West 2002). Plaintiffs further assert that Defendant unlawfully destroyed Plaintiffs' property rights in violation of Plaintiffs' due process and equal protection rights under the United States and Louisiana Constitutions. Plaintiffs seek declaratory judgment that Ordinance 4013 was passed illegally and is void *ab initio* and without any legal effect. Plaintiffs further seek damages and attorney's fees pursuant to 42 U.S.C.A. § 1988 (West 2000). The Defendant has answered and denied liability.

On October 3, 2008, the Court denied Plaintiffs' Motion for Partial Summary Judgment. Plaintiffs in that motion asked the Court to hold that the Lafourche Parish Government exceeded its authority in passing Ordinance 4013. The Court denied the motion as no discovery had taken place and genuine issues of material fact existed as to whether the purpose of Ordinance 4013 was solely to qualify for the National Flood Insurance Act.

## II.  THE MOTIONS

Defendant has now filed the present Motion for Summary Judgment Addressing the Legality of the Parish's Adoption of Ordinance 4013. The Parties disagree over whether § 33:1236(38) provides statutory authority for Ordinance 4013. Defendant urges the Court to

consider § 33:1236(38) in its entirety. Section (c) of the pertinent paragraph states, "The provisions of Subparagraphs (a) and (b) of this paragraph shall not be so construed as to...supersede or impair the existing authority of any such municipality or city-parish authority to adopt such codes, regulations, ordinances or permits." Thus, § 33:1236(38), when read *in its entirety*, demonstrates that the Defendant had the power to adopt an ordinance such as Ordinance 4013 if that authority has been provided to the Parish by some other source. The Defendant argues that the Lafourche Parish Government retained its existing authority pursuant to its Home Rule Charter, which states, "The Parish shall have the right, power, and authority to adopt any ordinance necessary, requisite, or proper to promote, protect, and preserve the general welfare, safety, health, peace, and good order of the Parish..." The Defendant further cites the Louisiana Constitution and an opinion of the Louisiana Attorney General for support. Thus, the Defendant argues, it was within the Lafourche Parish Government's existing authority to pass Ordinance 4013.

Plaintiffs oppose Defendant's Motion and argue that the power of Lafourche Parish to pass zoning ordinances that provide standards for occupancy in flood-prone areas is limited by § 33:1236(38)(b). Such power is granted "only insofar as is necessary for a parish to use such powers and authority to qualify for the National Flood Insurance Act of 1968." § 33:1236(38)(b). Plaintiffs allege that Ordinance 4013 was passed to qualify for the National Flood Insurance Act. Plaintiffs further state that Ordinance 4013 adopted ABFEs that were not *necessary* to qualify for the National Flood Insurance Act. Thus, Plaintiffs argue that the Lafourche Parish Government exceeded its authority in passing Ordinance 4013. Defendant's reply that § 33:1236(38)(c) provides authority for Ordinance 4013, irrespective of whether of not the ABFEs were necessary to qualify for the National Flood Insurance Act.

Plaintiffs further argue that even if the Ordinance was lawfully adopted, the Defendant's actions resulted in inverse condemnation of the property, for which Plaintiffs are entitled to just compensation. However, Plaintiffs have filed no motion for summary judgment on such a claim.

The Defendant has also filed a motion for summary judgment urging that in the event the Court finds that the Parish exceeded its authority, the Court should find that the Parish was not negligent in enacting Ordinance 4013 and that furthermore, it is entitled to immunity for decision to enact the Ordinance pursuant to LA. REV. STAT. ANN. § 9:2798.1(West 2009). In response, Plaintiffs assert that the Parish is not entitled to immunity for unconstitutional legislation, or in connection with zoning regulations.

## III.  LAW AND ANALYSIS

In the present motions, the Defendant argues that no genuine issues of material fact exist. Summary judgment is appropriate in a case if "there is no genuine issue as to any material fact." FED. R. CIV. P. 56(c). "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Products Liability Litigation*, 2007 WL 1952964, *4 (E.D. La. July 3, 2007). In determining whether a genuine issue of material fact exists, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). But because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. V. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

### A.  The Validity of Ordinance 4013

Ordinance 4013 states, "Lafourche Parish does hereby adopt the Hurricane Rita Surge inundation and base flood elevation maps as issued by FEMA as the Parish's Official Flood Elevation Reference as they pertain to the unincorporated areas of Lafourche Parish." Plaintiffs assert that the Parish had no authority to adopt this Ordinance.

LA. REV. STAT. ANN. § 33:1236(38), the primary statute enumerating the powers of the parish,[1] states:

> The police juries and other parish governing authorities shall have the following powers:
>
> (38)(a) To pass zoning ordinances, subdivision regulations, building codes, health regulations and other applications and extensions of the normal police power, to provide standards and effective enforcement provisions for the prudent use and occupancy of flood-prone and mud-slide areas.
> (b) The provisions of Subparagraph (a) of this paragraph shall apply **only insofar as is necessary for a parish to use such powers and authority to qualify for the National Flood Insurance Act** of 1968, as amended, 42 U.S.C. 4001 to 4127 as enforced under Parts 1901 to 1915.3 of Subchapter B of Title 24 of the Code of Federal Regulations.
> (c) The provisions of Subparagraphs (a) and (b) of this paragraph **shall not be so construed as to abrogate, impair or supersede existing codes, regulations, ordinances or permits of any municipality or city-parish governing authority, nor to supersede or impair the existing authority** of any such municipality or city-parish governing authority to adopt such codes, regulations, ordinances or permits. Provided, however, that the powers authorized in Subparagraphs (a) and (b) of this paragraph shall not be exercised by the police jury until a public hearing has been held in the parish to be affected, notice of the hearing to be published in the official parish journal at least ten days prior to the date of the hearing.
> (d) Any zoning ordinances, subdivision regulations, building codes, health regulations and other applications and extensions of the normal police power used by any parish prior to the adoption of this legislation in order to qualify for national flood insurance shall be validated and ratified by the passage of this subsection.

Plaintiffs claim that the adoption of the advisory maps was unnecessary "to qualify

---

[1] The parties debate whether the Parish's powers are limited to those expressly delegated, or whether it is a political subdivision governed by a home rule charter which has powers as broad as the state. Either way, it appears that authority for the Parish to act here existed expressly in the Home Rule Charter, as discussed below.

for the National Flood Insurance Act of 1968." In response, the Defendant asserts that Plaintiffs' construction of the statute is misguided, in that the Parish retains "the existing authority of any such municipality or city-parish governing authority to adopt such codes, regulations, ordinances or permits" pursuant to subsection (c) of the statute. Thus, the issue is whether the Parish had some other authority to enact Ordinance 4013. Defendant points to the Home Rule Charter as that source of authority.

Pursuant to the Louisiana Constitution of 1974, Lafourche Parish Government operates pursuant to a Home Rule Charter. *See Breaux v. Lafourche Parish Counsel*, 851 So.2d 1173 (La. App. 1 Cir. 5/9/03). Article II of the Home Rule Charter discusses the Powers and Functions of the Parish, and states, "The Parish shall have the right, power, and authority to adopt any ordinance necessary, requisite, or proper to promote, protect, and preserve the general welfare, safety, health, peace, and good order of the Parish, subject only to the limitations that no ordinance shall be inconsistent with the constitution or a provision of the Charter." (Def.'s Mem. Opp. Summ. J., Rec. Doc. No. 12 (Exhibit 10)). Article V section A specifically addresses ordinances and resolutions. For acts requiring the Council to pass an ordinance, section A provides a nonexclusive listing of acts which require ordinances, including modifying the Parish maps, modifying plats, **modifying zoning plans**, modifying an ordinance, and establishing the procedures for the issuance of permits. *Id*. Ordinance 4013 is no more than a modified zoning plan.

Pursuant to Acts 2006, 1st Ex.Sess., No. 5, § 2, eff. Feb. 23, 2006, the Louisiana legislature created the Louisiana Recovery Authority ("LRA"), whose stated purpose was to assist in identifying all potential resources to coordinate programs and funding, to achieve the most effective and efficient use of monetary, human and organizational resources toward

recovery from Hurricanes Katrina and Rita. The LRA advised that no parish would receive FEMA rebuilding money unless they adopted FEMA's ABFEs, even though they were advisory. When the Parish adopted the higher elevation standard, its residents were able to participate in the financial programs offered by the LRA. Thus, it appears that the Ordinance was adopted to promote, protect, and preserve the general welfare, safety, health, peace, or good order of the Parish. Further, even if the LRA had not contributed to the Parish's decision to pass Ordinance 4013, a Parish's decision to adopt revised flood elevation maps, in the wake of a devastating hurricane, is clearly an act to promote, protect, and preserve the future general welfare and safety of its citizens. The fact that flood maps for Lafourche Parish were last updated in 1985 is further support for Defendant's contention that its decision was grounded in social policy.

In response, Plaintiffs assert that § 33:1236(38) states that it does not abrogate *existing* codes and Ordinance 4013 was not yet existing. This seems to ignore the second part of section (c) of the statute, which states that it does not abrogate the existing *authority* of the Parish.

The Louisiana Constitution provides further authority for Lafourche Parish to adopt regulations for land use zoning. Article VI, section 17 of the Constitution states, "Subject to uniform procedures established by law, a local governmental subdivision may (1) adopt regulations for land use, zoning, and historic preservation, which authority is declared to be a public purpose; (2) create commissions and districts to implement those regulations; (3) review decisions of any such commission; and (4) adopt standards for use, construction, demolition, and modification of areas and structures. Existing constitutional authority for historic preservation commissions is retained." The enactment and enforcement of zoning and building ordinances is consistent with the Constitution. *See City of New Orleans v. Bd. of Commissioners of the*

*Orleans Levee District*, 93-C0690 (La. 07/05/94), 640 So.2d 237 (finding that the city's home rule powers included power to initiate and enforce local building and zoning ordinances). Thus, it appears that the Louisiana Constitution provides another source of authority for the Parish to act in the instant case.

In addition, the Office of the Louisiana Attorney General has opined on the scope of § 33:1236(38). On October 11, 2007, the Attorney General issued an opinion finding that Parish exceeded its authority in passing Ordinance 4013. La. Atty. Gen. Op. No. 07-0219, 2007 La. AG LEXIS 220 (October 11, 2007). The Attorney General noted that the statute permitted the Parish to act only insofar as necessary to qualify for the National Flood Insurance Plan ("NFIP"), because the Parish adopted preliminary versions of the ABFE maps and only the final version of the flood elevation maps are required to participate in the NFIP. On December 17, 2007, the Attorney General issued another opinion on this issue. Citing the entire section of the statute at issue, the Attorney General noted that the statute does not abrogate, impair or supersede the Parish Council's authority to adopt ordinances, to the extent an ordinance is passed that is unrelated to participation in the NFIP. The Attorney General found that the Parish "does have authority under other state law(s) to approve/adopt the ABFE maps." La. Atty. Gen. Op. No. 07-0219A, 2007 La. AG LEXIS 255 (December 17, 2007).

Louisiana Attorney General opinions are merely advisory and not binding, though regarded by Louisiana courts as persuasive. *Holley v. Plum Creek Timber, Co., Inc.*, No. 38,716-CA 877 (La.App. 2 Cir. 6/23/04), So.2d 284, 291. As there is no case on point regarding the scope of the La. Rev. Stat. 33:1236(38), the opinion provides further persuasive support in favor of Defendant's position that the Parish had authority to act.

Considering these facts in the light most favorable to Plaintiffs, this Court finds that

no genuine issue of material fact exists regarding the legal authority of the Lafourche Parish to enact and adopt Ordinance 4013. Defendant Lafourche Parish Government's Motion for Summary Judgment on Legality of Ordinance 4013 is hereby GRANTED.[2]

**B. Immunity Defense**

Defendant asserts that *in the event the Court finds that it exceeded its authority*, the Court should find that the Defendant was not negligent in enacting Ordinance 4013 and that it is immune from liability for its decision to enact the Ordinance. Having found that Defendant did not exceed its authority, this Motion is hereby DENIED AS MOOT.

**IV.     CONCLUSION**

Accordingly, IT IS ORDERED that Defendant Lafourche Parish Government's Motion for Summary Judgment on Legality of Ordinance 4013 (Rec. Doc. No. 29) is hereby GRANTED, and Defendant Lafourche Parish Government's Motion for Summary Judgment on Immunity Defense (Rec. Doc. No. 30) is hereby DENIED AS MOOT.

New Orleans, Louisiana this 3rd day of September, 2009.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiffs further argue that even if the Ordinance was lawfully adopted, the Defendant's actions resulted in inverse condemnation of the property, for which Plaintiffs are entitled to just compensation. As there is no motion for summary judgment before the Court on this issue, the Court reserves judgment on whether a "taking" occurred until the Parties raise such an issue directly and have the opportunity to fully brief it for this Court.